IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Action No. 22-CR-00118-RM-1

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1.    FREDRICK MCCOY,

    Defendant.

## ORDER OF DETENTION

THIS MATTER came before the court for a detention hearing on April 15, 2022. APPEARANCES: Albert Buchman on behalf of the Government, Laura Suelau on behalf of the defendant, Seth Junker on behalf of pretrial. The government is requesting detention in this case. The defense did not contest detention. In making my findings of fact, I have taken judicial notice of the information in the Pretrial Services Report and the entire court file.

In order to sustain a motion for detention, the government must establish that there is no condition or combination of conditions which could be imposed in connection with pretrial release that would reasonably assure (a) the appearance of the defendant as required or (b) the safety of any other person or the community. 18 U.S.C. § 3142(b). The former element must be established by a preponderance of the evidence, and the latter requires proof by clear and convincing evidence.

The Bail Reform Act establishes the following factors to be considered in determining whether there are conditions of release that will reasonably assure the appearance of the defendant and the safety of the community:

> (1) The nature and circumstances of the offense charged, including whether the offense is a crime of violence, a violation of section 1591, a Federal crime of terrorism, or involves a minor victim or a controlled substance, firearm, explosive, or destructive device;
>
> (2) the weight of the evidence against the person;
>
> (3) the history and characteristics of the person including–
>
>> (A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug and alcohol abuse, criminal history, and record concerning appearance at court proceedings; and
>>
>> (B) whether at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and
>
> (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

18 U.S.C. § 3142(g).

Weighing the factors set out in the Bail Reform Act, I find the following:  The Defendant is charged with two counts of being a felon in possession of a firearm.  Ccording to the Pretrial Services report, the Defendant has 4 prior cases for violent offenses.  He has a significant history

of supervision non-compliance; to include 10 prior probation revocations. He has a significant history of committing new crimes while under supervision, including the instant offense. He has four prior cases for violent offenses. He has six prior cases involving weapons, not including the instant offense. He also has nine prior felony convictions. He also does not contest detention.

After considering all appropriate factors, I conclude by clear and convincing evidence that no condition or combination of conditions of release will reasonably assure the safety of the community.

IT IS ORDERED that the defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal; and

IT IS FURTHER ORDERED that the defendant is to be afforded a reasonable opportunity to consult confidentially with defense counsel; and

IT IS FURTHER ORDERED that upon order of this Court or on request of an attorney for the United States, the person in charge of the corrections facility shall deliver defendant to the United States Marshal for the purpose of an appearance in connection with this proceeding.

DATED:   April 15, 2022                            BY THE COURT:

*N. Reid Neureiter*
United States Magistrate Judge
N. Reid Neureiter