IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

CASE NO. 22-CR-00118-RM

UNITED STATES OF AMERICA,

        Plaintiff,

v.

**FREDERICK MCCOY,**

        **Defendant.**

---

**DEFENDANT'S UNOPPOSED MOTION TO EXCLUDE
NINETY (90) DAYS FROM THE SPEEDY TRIAL ACT**

---

Frederick McCoy, through counsel, Assistant Federal Public Defender Laura H. Suelau, respectfully moves this Court for an Order excluding Ninety days from the speedy trial time limitations. The government does not oppose this Motion. In support of this Unopposed Motion, Mr. McCoy states as follows:

**I.  Procedural Background**

1. On April 6, 2022, the government filed a two count Indictment against Mr. McCoy. Doc. 1. The Indictment alleges Mr. McCoy committed two violations of 18 U.S.C. § 922(g)(1), possession of a firearm and ammunition by a felon. *Id.* The indictment also contains a forfeiture allegation. Those violations are alleged to have occurred on two different dates, August 25, 2021 and February 22, 2022.

2. Mr. McCoy first appeared before Judge N. Reid Neureiter on April 11, 2022. He entered pleas of not guilty the same day and remains in custody.

3. Judge Neureiter entered a Discovery Conference Memorandum setting a disclosure deadline of April 15, 2022. Doc. 11.

4. The seventy-day deadline is June 20, 2022. *Id.*

5. Counsel received initial discovery from the government on April 13, 2022. Discovery consists of approximately 760 pages of written discovery, and 40 media files totaling several hours in length.

6. Undersigned counsel has conferred with Mr. McCoy.

Speedy Trial Calculation

7. Twenty days have passed since Mr. McCoy's first appearance on April 15, 2022, not including that date. As a result, 50 days remain in the original 70-day period. An exclusion of 90 days would move the 70-day date to approximately September 22, 2022.[1]

Justification for an Extension

8. The government's evidence in this case is as follows:[2]

On August 25, 2021, Denver Police officers initiated a traffic stop based on an expired temporary tag (dated May 28, 2021). One of the officers alleged that when Mr. McCoy provided his identification, the officer noticed the barrel of a firearm concealed under Mr. McCoy's shirt. Mr. McCoy was arrested.

On January 7, 2022, the battery to Mr. McCoy's GPS ankle monitor drained, prompting the Division of Adult Parole to seek a fugitive warrant. On February 22, 2022, using a pen register trap and trace for Mr. McCoy's cell phone, the Fugitive Apprehension Unit located Mr. McCoy. After a brief chase, police handcuffed Mr. McCoy, searched a fanny pack he was wearing and discovered two firearms.

9. Based on counsel's experience defending criminal cases, she believes a number of tasks required to represent Mr. McCoy effectively remain outstanding.

10. First, counsel must conduct a thorough review of the provided discovery. Counsel has

---

[1] An exclusion of 90 days from today's date would go until August 3, 2022. 50 days after August 3 is September 22, 2022. The filing of this motion tolls the Speedy Trial Clock until this Court issues an Order.
[2] Mr. McCoy does not concede to the truth of this summary, only that this is the evidence as alleged by the government.

done a preliminary review of the discovery provided to date, however, she must conduct a more thorough review, including watching each of the videos provided. She must also review the discovery with Mr. McCoy.

11. Second, counsel must research potential pretrial motions, including motions related to to the traffic stop of Mr. McCoy and the pen register warrant sought for his phone.

12. Third, counsel must evaluate possible defenses to the crime alleged and discuss such defenses with Mr. McCoy.

13. Fourth, counsel must conduct the investigation necessary in this case. This case is essentially two different cases with different witnesses and different investigative needs.

14. Fifth, undersigned counsel must determine Mr. McCoy' sentencing exposure in the present case and, if so desired, negotiate a potential disposition with the government. This is Mr. McCoy' first federal criminal case. He may be facing the mandatory minimum sentence required by the Armed Career Criminal Act, that is something that counsel must determine. Counsel must take the time necessary to explain to Mr. McCoy the federal criminal trial, plea and sentencing processes, federal sentencing guidelines, and federal statutory sentences, including mandatory minimums.

15. Undersigned counsel contacted the government about the present motion. The government has no objection to the extension requested.

16. Mr. McCoy has no objection to the instant motion and is in favor of counsel taking the time necessary to represent him effectively.

**II.     Standard for Continuances**

1. Title 18 U.S.C. § 3161(h)(7)(A) provides that a Court shall exclude a period of delay from computing the time within which a trial must commence when "the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." The

factors to be considered in such an evaluation are listed at 18 U.S.C. § 3161(h)(7)(B)(i)-(iv).

    2.    Pertinent factors that apply to an "ends of justice" finding in the present case include:

(i) Whether the failure to grant such a continuance in the proceeding would be likely to make a continuation of such proceeding impossible, or a result in a miscarriage of justice.
. . . .
(iv) Whether the failure to grant such a continuance in a case which, taken as a whole, is not so unusual or so complex as to fall within clause (ii), would deny the defendant reasonable time to obtain counsel, would unreasonably deny the defendant or the Government continuity of counsel, or would deny counsel for the defendant or the attorney for the Government the reasonable time necessary for the effective preparation, taking into account the exercise of due diligence.

*See* 18 U.S.C. §1361(h)(7)(B)(Westlaw 2014).  *See also*, *United States v. Toombs*, 574 F. 3d 1262, 1268-69 (10th Cir. 2009).

    3.    In the similar context of addressing trial continuances, the Tenth Circuit has set forth four factors that the Court should consider. *See United States v. West*, 828 F.2d 1468, 1470 (10th Cir. 1987). According to the Tenth Circuit, the Court should consider: (1) the diligence of the party requesting the continuance, (2) the likelihood that the continuance, if granted, would accomplish the purpose underlying the request for continuance, (3) the inconvenience to the opposing party, its witnesses, and the court resulting from the continuance, and (4) the need asserted for the continuance and the harm that could be suffered as a result of the court's denial of the continuance. *See id.* No single factor is determinative. *See id.*

    4.    The decision to grant an "ends of justice" continuance is within the sound discretion of the Court, and is reviewed under an abuse of discretion standard. *See Toombs*, 574 F. 3d at 1262. "Adequate preparation time is a clearly permissible reason for granting a continuance and tolling the Speedy Trial Act." *United States v. Gonzales*, 137 F. 3d 1431, 1435 (10th Cir. 1998). The Supreme Court has recognized that "subsection (h)(7) expressly accounts for the possibility that a district court will need to delay a trial to give the parties adequate preparation time" to ensure that the ends of justice

are met, and that "subsection (h)(7) provides 'much of the Act's flexibility.'" *Bloate v. United States*, 190 S. Ct. 1390 (2010).

**III.   Argument**

1. This case meets the criteria set forth in both 18 U.S.C. § 3161(h)(7) and *West*. Accordingly, undersigned counsel requests that this Court continue the trial, vacate current deadlines, and exclude 90 days from the speedy trial calculations.

2. Mr. McCoy is not requesting a finding of complexity under subsections (h)(7)(B)(ii) or (iii), but rather, is requesting a determination that the ends of justice will be served by the granting of the requested continuance because "the failure to grant such a continuance in the proceeding would . . . result in a miscarriage of justice" and "would deny counsel for the defendant . . . reasonable time necessary for effective preparation."  18 U.S.C. §3161(h)(7)(B)(iv).

3. Undersigned counsel requires 90 additional days to conduct investigation, review discovery, research potential pretrial motions, effectively advise Mr. McCoy, and, if necessary, prepare for trial.

4. Undersigned counsel consulted government counsel and they do not object to the requested exclusion of time.

5. The failure to grant the requested continuance in the present case would result in a miscarriage of justice and would also deny undersigned counsel the reasonable time necessary for effective preparation pursuant to 18 U.S.C.  §3161(h)(7)(B)(i) and (iv).

6. Finally, a continuance for 90 days is supported by the standard set forth by the Tenth Circuit in the *West* decision.

7. Undersigned counsel has, and will continue to, diligently pursue the defense of this case.  However, the nature and facts of the case are such that no amount of diligent work can ensure

effective assistance of counsel prior to the trial date as contemplated by the current speedy trial time-frame.

8.      Undersigned counsel believes that the requested extension would serve the requested purpose.

WHEREFORE, Mr. McCoy respectfully requests that this Court issue an Order excluding 90 days from the speedy trial time limitations and resetting applicable dates and deadlines.

Respectfully submitted,

VIRGINIA L. GRADY
Federal Public Defender


s/ Laura H. Suelau
LAURA H. SUELAU
Assistant Federal Public Defender
633 Seventeenth Street, Suite 1000
Denver, Colorado 80202
Telephone: (303) 294-7002
FAX: (303) 294-1192
laura_suelau@fd.org
Attorney for Defendant

## CERTIFICATE OF SERVICE

I hereby certify that on May 5, 2022, I electronically filed the foregoing

**DEFENDANT'S UNOPPOSED MOTION TO EXCLUDE
NINETY (90) DAYS FROM THE SPEEDY TRIAL ACT**

with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses:

   Al Buchman, Assistant United States Attorney
   al.buchman@usdoj.gov

and I hereby certify that I have mailed or served the document or paper to the following non-CM/ECF participant in the manner (mail, hand-delivery, etc.) indicated by the non-participant's name:

   Mr. Frederick McCoy (U.S. Mail)


                              s/ Laura H. Suelau
                              LAURA H. SUELAU
                              Assistant Federal Public Defender
                              633 Seventeenth Street, Suite 1000
                              Denver, Colorado 80202
                              Telephone: (303) 294-7002
                              FAX: (303) 294-1192
                              laura_suelau@fd.org
                              Attorney for Defendant