**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Criminal Action No. 22-cr-00118-RM

UNITED STATES OF AMERICA,

       Plaintiff,

v.

1.     FREDERICK MCCOY,

       Defendant.

---

## PLEA AGREEMENT

---

The United States of America (the government), by and through Albert Buchman, Assistant United States Attorney for the District of Colorado, and the defendant, Frederick McCoy, personally and by counsel, Laura Suelau, submit the following Plea Agreement pursuant to D.C.COLO.LCrR 11.1. This agreement binds only the Criminal Division of the United States Attorney's Office for the District of Colorado and the defendant.

### I.    AGREEMENT

**A. Defendant's Plea of Guilty:**

The defendant agrees to:

(1)    waive indictment and plead guilty to an Information charging one count of 18 U.S.C. § 922(j), Possession of a Stolen Firearm or Ammunition.

(2)    recommend a sentence of not less than 100 months imprisonment.

(3)    waive certain appellate and collateral attack rights, as explained in detail below.

Court Exhibit

1

(4)     not contest forfeiture as more fully described below.

**B. Government's Obligations:**

This plea agreement is made pursuant to Fed. R. Crim. P. 11(c)(1)(A) and (B). The government agrees to:

(1)     move to dismiss Counts 1 and 2 of the Indictment with prejudice. Should the plea of guilty be vacated on the motion of the defendant, the government may, in its sole discretion, move to reinstate any or all of the counts dismissed pursuant to this agreement and potentially file a superseding indictment. The parties understand that this agreement is not binding on the Court.

(2)     provided the defendant does not engage in prohibited conduct or otherwise implicate USSG §§ 3C1.1 and 3E1.1, cmt. n.4 between the guilty plea and sentencing in this case, the government agrees that the defendant should receive a two-level reduction for acceptance of responsibility pursuant to USSG § 3E1.1(a) and agrees to file a motion requesting that the defendant receive a one level reduction for acceptance of responsibility pursuant to USSG § 3E1.1(b).

**C. Defendant's Waiver of Appeal:**

The defendant is aware that 18 U.S.C. § 3742 affords the right to appeal the sentence, including the manner in which that sentence is determined. Understanding this, and in exchange for the concessions made by the government in this agreement, the defendant knowingly and voluntarily waives the right to appeal any matter in connection with this prosecution, conviction, or sentence (including the restitution order), unless it meets one of the following criteria:

(1)     the sentence exceeds the maximum sentence provided in the statute of conviction, 18 U.S.C. § 922(j);

(2)     the government appeals the sentence imposed.

If the first criteria applies, the defendant may appeal only the issue of how his sentence exceeds the statutory maximum sentence.  But if one of the latter two criteria apply, the defendant may appeal on any ground that is properly available in an appeal that follows a guilty plea.

The defendant also knowingly and voluntarily waives the right to challenge this prosecution, conviction, or sentence (including the restitution order) in any collateral attack (including, but not limited to, a motion brought under 28 U.S.C. § 2255). This waiver provision does not prevent the defendant from seeking relief otherwise available in a collateral attack on any of the following grounds:

(1)     the defendant should receive the benefit of an explicitly retroactive change in the sentencing guidelines or sentencing statute;

(2)     the defendant was deprived of the effective assistance of counsel; or

(3)     the defendant was prejudiced by prosecutorial misconduct.

The Defendant also waives the right to appeal any sentence imposed below or within the Guideline range upon a revocation of supervised release in this case number, except where the defendant unsuccessfully objects to the grade of violation applied by the court during the district court revocation proceedings.  In that event, this waiver does not apply and the defendant may appeal the sentence imposed upon a revocation of supervised release, even if that sentence falls below or within the guideline range calculated by the court.

The defendant also waives the right to appeal the denial of any motion filed under 18 U.S.C. § 3582(c)(1)(A) where such denial rests in any part upon the court's

determination that a sentence reduction is not warranted under the factors set forth in 18 U.S.C. § 3553(a). This waiver does not apply to an appeal of a denied § 3582(c)(1)(A)(i) motion where the district court, in denying the motion on § 3553(a) grounds, failed to consider the facts allegedly establishing extraordinary and compelling circumstances as part of its § 3553(a) analysis.

### D. <u>Forfeiture of assets</u>:

The defendant admits the forfeiture allegations. The defendant further agrees to forfeit to the United States immediately and voluntarily any and all assets and property, or portions thereof, subject to forfeiture, pursuant to 18 U.S.C. § 924(d) and 28 U.S.C. § 2461(c), whether in the possession or control of the United States, the defendant, the defendant's nominees, or elsewhere.  The assets to be forfeited specifically include, but are not limited to: (1) Sig Sauer Model P320 .40 caliber semi-automatic handgun bearing serial number 58H252104, (2) .40 caliber ammunition with headstamps marked "SPEER" and "40 S&W," (3) Springfield Armory Model XD .45 caliber semi-automatic handgun bearing serial number XD748195, (4) .45 caliber ammunition with headstamps marked "*_*" and "45 AUTO + p."  The defendant agrees and consents to the forfeiture of these assets pursuant to any federal criminal, civil, and/or administrative forfeiture action.  The defendant understands that pursuant to 18 U.S.C. § 983, the seizing agency is required to send notice in non-judicial civil forfeiture matters.  Having been advised of said rights regarding notice, the defendant hereby knowingly and voluntarily waives his/her rights to notice being sent within the time frames in 18 U.S.C. § 983 and to having the property returned to him/her if notice is not sent within the prescribed time frames.

## II.    ELEMENTS OF THE OFFENSE(S)

The parties agree that the elements of Possession of Stolen Firearm or Ammunition are as follows:

### Count One:  18 U.S.C. § 922(j)

First: The defendant knowingly possessed a firearm or ammunition; and

Second: The firearm or ammunition was stolen when the defendant possessed it; and

Third: the defendant knew or had reasonable cause to believe that the firearm and ammunition was stolen;

Fourth: The firearm or ammunition had moved, or been shipped, or transported in interstate commerce, either before or after the firearm or ammunition was stolen.

## III.    STATUTORY MAXIMUM SENTENCE

The maximum sentence for a violation of Count 1 of the Information is: not more than 10 years imprisonment; not more than $250,000 fine; or both; not more than three years of supervised release; $100 special assessment fee.

## IV.    COLLATERAL CONSEQUENCES

The conviction may cause the loss of civil rights, including, but not limited to, the rights to possess firearms, vote, hold elected office, and sit on a jury.

## V.    STIPULATION OF FACTS

The factual basis for this plea is set forth below. Because the Court must, as part of its sentencing methodology, compute the advisory guideline range for the offense of conviction, consider relevant conduct, and consider the other factors set forth in 18 U.S.C. § 3553, additional facts may be included below which are pertinent to those considerations and computations. To the extent the parties disagree about the facts set

forth below, the stipulation of facts identifies which facts are known to be in dispute at the time of the execution of the plea agreement.

This stipulation of facts does not preclude either party from presenting non-contradictory additional facts which are relevant to the Court's guideline computation, to other 18 U.S.C. § 3553 factors, or to the Court's overall sentencing decision.

The parties stipulate that the following facts are true and correct:

On August 25, 2021, Denver Police Department officers conducted a traffic stop on a car that the defendant was driving. On his approach to the defendant seated in the driver's seat, one officer observed on the defendant's person a concealed firearm. The officer immediately retrieved the firearm, which was determined to be a Springfield XD .45 caliber bearing serial number XD748195 and loaded with ammunition. The handgun was determined to be functional and to have crossed state lines before August 25, 2021.

On February 22, 2022, Denver Police Department officers arrested the defendant on an outstanding arrest warrant. Upon arrest, the defendant had strapped to his chest a fanny-pack containing a Sig Sauer .40 caliber handgun bearing serial number 58H252104 and loaded with ammunition. The handgun was determined to be functional and to have crossed state lines before February 22, 2022. The handgun had further been reported stolen out of Denver on October 3, 2021. The defendant knew or had reason to know that it and the ammunition in it were stolen.

## VI.    ADVISORY GUIDELINE CALCULATION

The parties understand that the imposition of a sentence in this matter is governed by 18 U.S.C. § 3553. In determining the particular sentence to be imposed, the Court is required to consider seven factors. One of those factors is the sentencing range

computed by the Court under advisory guidelines issued by the United States Sentencing Commission. To aid the Court in this regard, the parties set forth below their estimate of the advisory guideline range called for by the United States Sentencing Guidelines. To the extent that the parties disagree about the guideline computations, the recitation below identifies the matters which are in dispute.

The Guideline calculation below is the good-faith estimate of the parties, but it is only an estimate. The parties understand that the government also has an independent obligation to assist the Court in making an accurate determination of the correct guideline range. To that end, the government may argue that facts identified in the presentence report, or otherwise identified during the sentencing process, affect the estimate below.

a) Under USSG § 2K2.1(a), the base offense level is **24** because the defendant committed the instant offense subsequent to sustaining at least two felony convictions for a crime of violence.

b) Specific offense characteristics:

    a. There is a **two-level increase** because the firearm was stolen. USSG § 2K2.1(b)(4)(A).

c) Adjustments: There are no victim-related, role-in-offense obstruction, grouping, and/or multiple-count adjustments.

d) The adjusted offense level is **26**.

e) Acceptance of responsibility: The defendant should receive a 3-level adjustment for acceptance of responsibility under USSG § 3E1.1. The resulting total offense level is **23**.

f) The parties understand that the defendant's criminal history computation is tentative and based on the defendant's prior convictions. The parties believe the defendant is in criminal history category **VI**.

g) The career offender/criminal livelihood/armed career criminal adjustments do not apply.

h)  **The advisory guideline range resulting from these calculations is 92-115 months.**  However, in order to be as accurate as possible, with the criminal history category undetermined at this time, the offense level(s) estimated above could conceivably result in a range from **46** months (bottom of Category I) to **115** months (top of Category VI).  The guideline range would not exceed, in any case, the cumulative statutory maximums applicable to the counts of conviction.

i)  Pursuant to guideline § 5E1.2, assuming the estimated offense level above is correct, the fine range for this offense would be $15,000 to $150,000 plus applicable interest and penalties.

j)  Pursuant to guideline § 5D1.2, if the Court imposes a term of supervised release, that term at least one year, but not more than three years.

The parties understand that the Court is free, upon consideration and proper application of all 18 U.S.C. § 3553 factors, to impose that reasonable sentence which it deems appropriate in the exercise of its discretion and that such sentence may be less than that called for by the advisory guidelines (in length or form), within the advisory guideline range, or above the advisory guideline range up to and including imprisonment for the statutory maximum term, regardless of any computation or position of any party on any 18 U.S.C. § 3553 factor.

## VII.   ENTIRE AGREEMENT

The agreement disclosed to the Court is the entire agreement. There are no other promises, agreements or "side agreements," terms, conditions, understandings, or assurances, express or implied. In entering this agreement, neither the government nor the defendant has relied, or is relying, on any other terms, promises, conditions or assurances.

Date: _8-26-22_

_____
Frederick McCoy
Defendant

Date: _8/26/22_

_____
Laura Suelau
Attorney for Defendant

Date: _8/26/22_

_____
Albert Buchman
Assistant U.S. Attorney